IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORMAN & EDEM, PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-04-804-L |
| | ) | |
| UNITED STATES OF AMERICA and GWENDOLYN BALDWIN, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

On May 12, 2004, plaintiff filed this interpleader action in the District Court of Oklahoma County, Oklahoma and deposited the funds at issue with the court. On July 1, 2004, the United States of America removed the action to this court. After the funds were transferred to the Clerk of this Court, the court granted plaintiff's motion to dismiss. Both the United States and Gwendolyn Baldwin claim an interest in the funds. Ms. Baldwin claims the funds belong to her as they are the proceeds from the settlement of a negligence action filed on her behalf. The United States contends its interest in the funds is superior to Ms. Baldwin's because she owes the government more than $500,000 in taxes, penalties, and interest for the tax years 1985 and 1993.

This matter is before the court on the government's motion for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and

depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts establish that Ms. Baldwin filed a joint federal income tax return with her then husband, Robert L. Thomason, Jr., for taxable year 1985. Thomason died in a plane crash in January 1991. In 1993, Ms. Baldwin brought a

negligence action arising out Thomason's death. <u>Thomason v. Cessna Aircraft Co.</u>, Case No. CJ-1993-31 (Okla. Cty. Jan. 4, 1993). The $28,300.82 deposited into the Court Clerk's Registry represents proceeds from the settlement of that action.

On January 29, 1992, the Internal Revenue Service ("IRS") mailed a statutory notice of deficiency for tax year 1985 to the Thomasons. Ms. Baldwin petitioned the United States Tax Court for relief as an innocent spouse pursuant to 26 U.S.C. § 6013(e). In a Memorandum Opinion issued August 22, 1994, the Tax Court rejected Ms. Baldwin's innocent spouse claim for tax year 1985, although it found the defense applicable for tax years 1983 and 1984. <u>Thomason v. Commissioner</u>, Case No. 8601-92 (TC Aug. 22, 1994), Government's Exhibit A at 5. On February 10, 1995, assessments were were made for the federal income taxes, penalties, and interest for tax year 1985. After the application of credits, the balance of the assessments as of June 30, 2004 was $493,315.88.

Ms. Baldwin timely filed a 1993 federal income tax return claiming an earned income tax credit of $1,511.00, which the IRS subsequently disallowed. On June 23, 1997, the IRS issued an assessment for income tax liability for tax year 1993. As of July 5, 2004, Ms. Baldwin owes $11,765.93 in federal income tax, penalties, and interest for 1993. In the Joint Status Report, Ms. Baldwin stipulated that she is liable for the 1993 federal income tax liability. Amended Joint Status Report at ¶ 3(1).

The government has presented *prima facie* evidence of Ms. Baldwin's unpaid tax liabilities. In response to the government's motion, Ms. Baldwin does not contest

that she owes the United States more than $500,000 for unpaid tax liabilities. Instead, Ms. Baldwin questions the Tax Court's finding that she was not entitled to relief as an innocent spouse for tax year 1985. The doctrine of res judicata, however, bars Ms. Baldwin's attempt to relitigate that issue in this court.

> Res judicata generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action. A claim is barred by res judicata when the prior action involved identical claims and the same parties or their privies.

Frandsen v. Westinghouse Corp., 46 F.3d 975, 978 (10th Cir. 1995). Ms. Baldwin's innocent spouse defense was raised and fully decided in the Tax Court proceeding. This court is bound by that ruling.

Based on the undisputed facts, the court finds the government has established the validity of its tax liens. Those liens arose upon assessment, that is in February 1995 and June 1997, and attached to all real and personal property belonging to Ms. Baldwin at the time or acquired by her thereafter, including the her interest in the settlement proceeds. The government's lien for tax year 1985 had not become unenforceable by the lapse of time when it asserted its priority to the interpled funds. *See* 26 U.S.C. § 6502(a)(1). The United States' Motion for Summary Judgment Against Gwendolyn Baldwin (Doc. No. 32) is therefore GRANTED. Judgment in

favor of the United States will issue accordingly.

It is so ordered this 16th day of August, 2005.

_____
TIM LEONARD
United States District Judge